# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MACK TAYLOR,

    Plaintiff,

v.                                                      Case No. 09-CV-14639

DEPARTMENT OF HUMAN SERVICES OF
THE STATE OF MICHIGAN,

    Defendant.
                                                     /

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS, ALLOWING PLAINTIFF TO FILE HIS AMENDED COMPLAINT, AND SETTING DEADLINE TO FILE ANSWER

In this civil-rights action brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, Plaintiff asserts that Defendant Michigan Department of Human Services ("DHS") discriminated against him because his race. Plaintiff, an African American, worked for Defendant as a Fire and Safety Officer, but was laid off in May 2008. Plaintiff claims that, as a result of racial discrimination, Defendant removed him from a state-wide recall list, that similarly situated white males were not removed from the state-wide recall list, that two white males with less seniority were allowed to apply for job openings before Plaintiff, and that two new white males were offered jobs before Plaintiff. Before the court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the court will deny Defendant's motion.

## I. BACKGROUND

Plaintiff was employed by Defendant as a Fire and Safety Officer beginning in February 2001. (Compl. ¶7.) In May 2009, Plaintiff was laid off from his position due to downsizing. (Compl. ¶10.) On June 12, 2009, Plaintiff completed a Recall Preference Form indicating his location preferences if any job opportunities should become available. (Compl. ¶¶11-12.) Plaintiff asserts that he indicated a preference for any job opportunities within the state of Michigan. (Compl. ¶12.) Defendant asserts, to the contrary, that Plaintiff indicated only certain counties within the state in which he preferred to work and that Defendant acknowledged this preference in a letter dated July 1, 2008. (Mot. Br. at 1; Ex. B.) Plaintiff argues that there is no evidence that he received the July 1, 2008 letter, (Resp. Br. at 4-5.), and that even if he had, the letter indicates an acknowledgment of his preferences, not a removal from the state-wide recall list. (Compl. ¶¶13-15.)

Plaintiff asserts that he first discovered his removal from the state-wide recall list on February 18, 2009, when he learned that two while males with less seniority were allowed to apply for open positions with Defendant. (Compl. ¶¶15-19.) Plaintiff also claims that no other person's state-wide recall preference had been removed in the same manner. (Compl. ¶¶15-17.)

On June 22, 2009, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Pl.'s Ex. 1.) In a letter dated August 27, 2009, Plaintiff was notified that the EEOC would not be taking any further action and that he had the right to file a civil action. (Pl.'s Ex. 2.) The letter indicated that Plaintiff had ninety days from his receipt of the letter to file his complaint. (*Id.*) Plaintiff filed his

2

complaint in this case on November 29, 2009.

Defendant brings its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter," while Rule 12(b)(6) addresses the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1), (b)(6). When a defendant moves for a motion to dismiss under both Rule 12(b)(1) and (b)(6), the court should consider the 12(b)(1) motion first because the 12(b)(6) motion is moot if subject matter jurisdiction does not exist. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 550 U.S. 544). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

### III. DISCUSSION
#### A. Rule 12(b)(1)–Failure to Bring a Timely Charge

Federal Rule of Civil Procedure 12(b)(1) allows for motions asserting lack of jurisdiction of the subject matter. Fed. R. Civ. P. 12(b)(1). Where a Rule 12(b)(1) motion contains a factual attack, the court need not construe the allegations in the non-moving party's favor because the burden of proving jurisdiction is on the party asserting it. Moreover, it is recognized that a party faced with a Rule 12(b)(1) motion to dismiss may not rest on the truth of the facts asserted in its pleadings. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("[W]hen a court reviews a complaint under a factual attack [on jurisdiction], . . . no presumptive truthfulness applies to the factual allegations."); *Exchange Nat'l Bank of Chicago v. Touch Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976) ("[A] party opposing a Rule 12(b)(1) motion cannot rest on the mere assertion that factual issues may exist.").

First, Defendant asserts that this court does not have subject matter jurisdiction over Plaintiff's claim under Title VII because the claim is untimely. The parties agree that to be timely, Plaintiff must have filed his Charge of Discrimination with the EEOC within 180 days of the time when he first became aware, or should have been aware, of Defendant's alleged discriminatory employment practice. 42 U.S.C. 2000e-5(e)(1); *EEOC v. UPS*, 249 F.2d 557, 562 (6th Cir. 2001). Plaintiff filed his Charge of Discrimination on June 22, 2009. (Pl.'s Ex. 1.) Plaintiff asserts that he became aware of the alleged discrimination on February 18, 2009.

Defendant argues that Plaintiff should have been aware of the alleged discrimination on July 1, 2008, because the July 1, 2008 letter provided Plaintiff with notice that he had been removed from the state-wide recall list. Plaintiff contends that his claim is based on more than a removal from the state-wide recall list; it is based on removal from the state-wide recall list in a discriminatory manner. Even if the alleged discriminatory act occurred when Plaintiff was removed from the state-wide recall list, Plaintiff could not have been aware of such discrimination based solely on his own recall-preference confirmation. Instead, Plaintiff argues that he did not learn until February 2009 that Defendant removed his name and allowed white males to apply for job openings on the state wide list. (Compl. ¶¶ 15-18.) Moreover, Plaintiff's complaint (which Plaintiff admits is somewhat vague)[1] and his Charge of Discrimination filed with the EEOC include the hiring of white males on the recall list with less seniority and the hiring of new white males as discriminatory conduct in addition to removing Plaintiff from

---

[1] In his Response Brief, Plaintiff's counsel "admits that the complaint could have been more detailed and informative." (Resp. Br. at 6 n.2.)

the state-wide recall list. Defendant does not contend that Plaintiff knew or should have know of these other alleged discriminatory acts more than 180 days before he filed his Charge of Discrimination.

Having reviewed the complaint, along with the Charge of Discrimination and Plaintiff's response brief, the court concludes that Plaintiff's claim of discrimination is based upon acts which occurred within 180 days before he filed his Charge of Discrimination. The court accepts Plaintiff's argument that on or around February 18, 2009, Plaintiff first became aware, or should have been aware, of the alleged discriminatory actions of (1) removing his name from the state-wide list, (2) recalling white males with less seniority, and (3) hiring white males not on the recall list ahead of Plaintiff. Plaintiff's charge of discrimination was filed within 180 days after he first became aware, or should have been aware, of these actions.[2]

Second, Defendant asserts that this court does not have subject matter jurisdiction over Plaintiff's claim under Title VII because Plaintiff failed to file his suit within ninety days of receiving his Notice of Right to Sue (Notice) from the Department of Justice. Again the parties agree that if Plaintiff failed to file his lawsuit within ninety days of the receipt of the Notice, he would be barred from bringing his claim under Title VII. *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 460-61 (6th Cir. 2001).

Plaintiff filed his complaint on November 29, 2009. To fall within the ninety-day window, Plaintiff must have received the Notice not earlier than Monday, August 31,

---

[2]The court notes that this conclusion is based on the evidence thus far presented to the court at this stage in the proceedings. It remains possible that discovery may reveal that Plaintiff knew, or should have known, of these alleged discriminatory actions at an earlier date.

6

2009. Defendant contends that Plaintiff received the Notice on Thursday, August 27, 2009, but this must be a mistaken reference to the fact that the Notice is *dated* August 27, 2009. (Ex. 2.)

In *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472 (6th Cir. 1986), the Sixth Circuit declared that a date of receipt of a right-to-sue notice may be inferred, and chose a delivery time of five days. In *Hunter,* the court was confronted with an EEOC claimant who asserted that because he did not actually receive the notice –due to his failure to notify the agency of his change of address– the time had not run. The court determined that "an inflexible rule requiring actual receipt of notice by a claimant" was inappropriate, and explicitly borrowed the five-day presumptive receipt provision from the Social Security regulations found at 20 C.F.R. § 422.210(c) (1985) (presumes notice five days after notice first enters the mail): "We conclude on these facts that plaintiff's ninety day time period began to run five days after the date the EEOC mailed plaintiff's right-to-sue letter to his address of record." *Hunter,* 790 F.2d at 474. Later panels of the Sixth Circuit have agreed. *Cook v. Providence Hosp.,* 820 F.2d 176, 179 (6th Cir. 1987); *Banks v. Rockwell Intern. N. Am. Air Operations,* 855 F.2d 324, 326 (6th Cir. 1988).

Accepting that a five-day period exists for inferred receipt –which would place the letter in Plaintiff's hands on Tuesday, September 1, 2009– and crediting, for the moment, Plaintiff's claim in paragraph 24 of the amended complaint –which states that "Plaintiff received the letter on [Thursday,] September 3, 2009"– then receipt, either actual or inferred, would have occurred on or after Monday, August 31, 2009. Under

7

such circumstances, the court must reject the argument that this case was not timely filed.[3]

Because Plaintiff was not aware–nor should he have been aware–of the alleged discriminatory acts of the Defendant more than 180 days before he filed his Charge of Discrimination with the EEOC, and because Plaintiff filed his complaint within 90 days of receipt of his Notice of Right to Sue, the court will deny Defendant's motion under Federal Rule of Civil Procedure 12(b)(1).

### B. Rule 12(b)(6)–Failure to State a Claim

Defendant next asserts that Count II of Plaintiff's complaint should be dismissed for failure to state a claim. As stated above, to survive a motion to dismiss, a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, *abrogated on other grounds by Twombly*, 550 U.S. 544. Under Count II of the complaint, Plaintiff brings a claim for "Violation of the Equal Protection Clause fo the Fourteenth Amendment." (Compl. at Count II.) Plaintiff lists specific allegations of discrimination and then makes the following claim:

> Defendant's actions in removing Plaintiff from the state wide recall list resulted in denial of potential employment and was done because of or on the basis of his race and abridged his right to equal protection of the laws in violation of the Fourteenth Amendment to the U.S. Constitution.

(Compl. at ¶¶ 28-38.) Defendant argues that Plaintiff has failed to state a claim under Rule 12(b)(6) because "[t]he Fourteenth Amendment is not self-executing and pleading

---

[3] The right-to-sue letter was sent by certified mail. This, the court expects, would ordinarily result in a proof of receipt. In the event that such proof of receipt were presented in a renewed motion or motion to reconsider, the court's conclusion would no doubt require re-examination.

8

a violation of the Fourteenth Amendment does not state a viable cause of action." (Mot. Br. at 5 (citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 33 (1991) (quoting *Ownbey v. Morgan*, 256 U.S. 94, 112 (1921))).)

While Defendant is correct that the Fourteenth Amendment is not self-executing, its interpretation of the Supreme Court's holding is taken out of context. In *Pacific Mutual*, the Court affirmed a decision to hold the petitioner liable for punitive damages caused by the actions of its employee. *Pac. Mut. Life Ins. Co.*, 499 U.S. 1. In so holding, the Court discussed *Ownbey* as a classic example of the "settled usage" doctrine of procedural due process. *Id.* at 33. During this discussion, the court quoted the following passage:

> "However desirable it is that the old forms of procedure be improved with the progress of time, it cannot rightly be said that the Fourteenth Amendment furnishes a universal and self-executing remedy. Its function is negative, not affirmative, and it carries no mandate for particular measures of reform."

*Id.* (quoting *Ownbey*, 256 U.S. at 110-12). Taken in context, the Court's discussion centered around the inability of the Fourteenth Amendment to, in and of itself, mandate reforms for procedural due process. There was no discussion of whether a claim would fail simply because it was based solely on a claimed Fourteenth Amendment Violation.

In this case, the court finds that the Plaintiff has "give[n] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. Plaintiff's claim includes more than labels and conclusions; it includes factual allegations and grounds for relief. Drawing all reasonable inferences in favor of the Plaintiff, his complaint contains inferential allegations to sustain recovery under 42 U.S.C. § 1983. Plaintiff simply failed to include the statute number on his original

9

complaint; Defendant clearly had notice of Plaintiff's intended claim.  Moreover, Plaintiff's proposed amended complaint addresses this matter and clears up any ambiguity.[4]  Therefore, the court will deny Defendant's motion under Federal Rule of Civil Procedure 12(b)(6).

### C. Plaintiff's First Amended Complaint

In his response, Plaintiff requests leave to amend his original complaint regarding his Fourteenth Amendment claims.  While the court typically requires a motion to be filed before it will grant leave to amend a complaint, Plaintiff technically did not require leave to file the First Amended Complaint when he submitted it with his response brief.  Under the 2010 amendment to Federal Rule of Civil Procedure 15(1)(B), "[a] party may amend its pleading as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier."  Fed. R. Civ. P. 15(1)(B).  Here, Plaintiff's complaint "is one to which a responsive pleading is required."  *Id.*  Defendant's first response was its motion under Rules 12(b)(1) and 12(b)(6).  As such, Plaintiff may amend his pleading as a matter of course within 21 days of Defendant's motion.  Defendant filed its motion on February 22, 2010; Plaintiff filed his response, with the amended complaint attached, on March 8, 2010.  At the time Plaintiff submitted his amended complaint, he was allowed to file it as a matter of course, without leave of court.  Plaintiff should have filed the amended complaint, rather

---

[4]As discussed below, Plaintiff has submitted a proposed amended complaint attached to his response brief.  Although he has not submitted the amended complaint in the proper manner, the court will allow Plaintiff to file the amended complaint.

than attach it to a response brief.  However, given that Plaintiff timely *attempted* to file the amended pleading, and given also that Rule 15 was recently amended to allow such amendments as a matter of course, the court will allow Plaintiff to file the amended complaint.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's  "Motion to Dismiss" [Dkt. # 3]  is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file his amended complaint within seven days of the date of this order, and Defendant shall file its answer fourteen days after the amended complaint is filed.

                                     S/Robert H. Cleland  
                                      ROBERT H. CLELAND  
                                      UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2010, by electronic and/or ordinary mail.

                                     S/Deborah J. Goltz  
                                     Case Manager

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-14639.TAYLOR.Dismiss.Deny.jam.chd.3.wpd