**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MACK TAYLOR,

    Plaintiff,

v.                                          Case No. 09-CV-14639

DEPARTMENT OF HUMAN SERVICES OF
THE STATE OF MICHIGAN,

    Defendant.
                                                            /

**NOTICE OF SCHEDULING CONFERENCE
AND ORDER SUSPENDING ANY FURTHER MOTIONS OR BRIEFING**

On April 7, 2010, Defendant filed its second motion to dismiss. The court set the motion for a hearing on May 19, 2010. The motion seeks to dismiss part, but not all, of Plaintiff's recently amended complaint. Thus, however the motion is resolved, this action will proceed at least in part. Accordingly, the court deems it efficient to conduct a scheduling conference prior to the resolution of the motion. Moreover, because issues raised in the scheduling conference may impact the issues in the pending motion, the court will suspend any further briefing on the motion. Additionally, the court will order that no further motions be filed prior to the scheduling conference.

IT IS ORDERED that counsel are DIRECTED to appear for a scheduling conference on **April 28, 2010 at 9:30 a.m.** Counsel are also directed to meet and confer before the conference. *See* Fed. R. Civ. P. 26(f).[1] **TRIAL COUNSEL MUST**

---

[1] **Please attempt to narrow the issues in advance**. This includes the elimination of frivolous claims or defenses. Prepare to withdraw without prejudice claims and defenses that are not *presently* sustainable under Rule 11 in view of evidence in hand. *See* Fed. R. Civ. P. Rule 16(c)(1). Leave to add claims or defenses

**ATTEND** and **be prepared** to discuss, among other things:

1. A summary of each claim and affirmative defense, and related issues, including a) the elements of proof and, b) the good faith factual foundation of each;
2. Nature of any corporate or partnership parties;
3. The propriety of (or dispute about) subject matter jurisdiction;
4. The possible relationship to other cases;
5. The likelihood of pleading or party amendments, third-party complaints, etc.;
6. The likelihood of expert testimony;
7. Discovery progress to date and complexity of additional discovery (counsel are instructed to commence their Fed. R. Civ. P. 26(a)(1) disclosures without delay and encouraged to begin significant discovery before the conference);
8. Consent to state mediation practice or desire for private facilitation/arbitration;
9. Consideration of magistrate judge consent jurisdiction or District Court bench trial;
10. The likelihood of dispositive motions and likelihood of settlement.

IT IS FURTHER ORDERED that any further motion practice, or briefing on currently filed motions, is SUSPENDED pending further order of the court.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: April 21, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 21, 2010, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk

---

later is afforded "freely when justice so requires," to a diligent party who only later acquires facts needed to properly state a related claim or an affirmative defense. *See* Fed. R. Civ. P. 15(a). The court expects action on affirmative defenses where possible (*e.g.*, a Rule 12(b)(6) affirmative defense should ordinarily generate an immediate motion to dismiss, not a mere boilerplate recitation among a list of possible defenses).

2

(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-14639.TAYLOR.SuspendBriefing.SchedulingConference.wpd