UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACK TAYLOR,                                              No. 09-14639

        Plaintiff,

v.                                                                    Magistrate Judge R. Steven Whalen

DEPARTMENT OF HUMAN SERVICES
of the STATE of MICHIGAN,

        Defendant.
_____/

**OPINION AND ORDER RE: ATTORNEY FEES**

      This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* On September 21, 2012, a jury found in favor of Plaintiff, awarding him a total of $150,000.00 in damages. Before the Court is Plaintiff's Motion for Attorney Fees, Costs and Interest [Doc. #65]. The Motion will be GRANTED under the terms discussed below.

### I. LEGAL PRINCIPLES

      Title VII expressly provides that a district court "[i]n its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs [of a Title VII action] ...." 42 U.S.C. § 2000e–5(k). The Supreme Court has held that in Title VII cases, a prevailing plaintiff should normally recover an attorney's fee unless special circumstances render such an award inappropriate. *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n,* 434 U.S. 412, 417 (1978).

Attorney fees awarded under this section must be reasonable. As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), "[t]he most useful starting point for determining the amount of a *reasonable* fee is the number of hours *reasonably* expended on the litigation multiplied by a *reasonable* hourly rate." (Emphasis added). In *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987), the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir.1999). *See also Coulter v. State of Tennessee, supra*, 805 F.2d at 149 ("Legislative history speaks of 'fees which are adequate to attract competent counsel, but which do not produce windfalls,'..and cautions against allowing the statute to be used as a 'relief fund for lawyers'")(internal citations to Congressional Record omitted). Or, as the Fifth Circuit put it in *Johnson*, 488 F.2d at 720, "[C]ourts must remember that they do not have a mandate...to make the prevailing counsel rich." The party seeking an award of fees bears the burden of showing that the request is reasonable. *See Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990).

## II.   DISCUSSION

### A.   Hourly Rate

In determining a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th cir. 2004).  However, the court retains broad discretion to determine what constitutes a reasonable hourly rate.  *Id.; Wells v. New Cherokee Corp.*, 58 F.3d 233, 239 (6th Cir. 1995).

Plaintiff's counsel requests an hourly rate of $300.  Both parties cite to the State Bar of Michigan's most recent (2010) Economics of Law Practice Survey. Plaintiff's counsel states that he has 16 years experience in litigation.  Because there is an insufficient basis to find that he would approach the 75th or 95th percentile in terms of billing, the mean values for applicable categories will suffice to determine a reasonable hourly rate. According to the survey, the mean for all sole practitioners with an office outside the home is $214; for attorneys with 16 years in practice, the mean is $255; and for attorneys who practice plaintiff-side employment litigation, the mean is $256.[1]  Taking an average of the mean values results in an hourly rate of $241.  Defendant suggests that an appropriate hourly rate would be $250.  I agree.  Plaintiff's counsel will be

---

[1] The mean for attorneys with offices in downtown Detroit is $290 per hour. However, counsel's office is at 1950 Campbell, which is outside the downtown Detroit area.

-3-

compensated at the rate of $250 per hour.

## B. Hours Expended

The Defendant argues that the number of hours claimed by Plaintiff is excessive in part because he did not prevail on every claim, and that "[t]he hours related to the unsuccessful claims should be deducted from the whole case." *Defendant's Brief in Response* [Doc. #66], at 4. The fact that a plaintiff did not prevail on all of his claims does not necessarily preclude compensation for work performed on the whole case. The more important consideration is the scope of the results that were obtained. In this regard, *Hensley v. Eckerhart,* 461 U.S. at 435, stated:

> "In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee. The result is what matters." (citation and footnote omitted).

Similarly, in *Thurman v. Yellow Freight Systems, Inc.,* 90 F.3d 1160, 1169 (6th Cir.1996), the Sixth Circuit held:

> "However, a court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." (Internal citations omitted).

*See also Deja Vu v. Metropolitan Government of Nashville and Davidson County,*

*Tennessee*, 421 F.3d 417, 423 (6th Cir. 2005) ("[W]e have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed.").

In this case, counsel obtained significant relief for his client in the form of a substantial money judgment. Because this result "cannot fairly be labeled as anything short of excellent, [Plaintiff] is entitled to a fully compensatory fee." *Id*. at 424. Thus, I am not inclined to reduce or apportion fees according to which claims bore fruit and which claims did not.

In determining the reasonableness of the "full compensatory fee" to which Plaintiff is entitled, the Court must assess whether the total number of hours claimed is reasonable. While I decline to apportion fees according to which claims were successful and which were not, counsel's claim for 245.48 total hours seems excessive given that this was a relatively straightforward Title VII case. I do not doubt that counsel actually expended the time claimed, and it is not my intention to dissect his fee petition with the gimlet eye of a tax accountant. However, the court "is not required to set forth an hour-by-hour analysis of the fee request" in reducing the fees. *Jacobs v. Mancuso,* 825 F.2d 559, 562 (1st Cir.1987). *See also In re 'Agent Orange' Product Liability Litigation,* 818 F.2d 226, 237-38 (2d Cir.1987) ("no item-by-item accounting of the hours disallowed is necessary or desirable"); *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.,* 776 F.2d 646, 657-58 (7th Cir.1985). Rather, "the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a

practical means of trimming the fat from a fee application." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992)(internal quotation marks omitted). *See also Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (holding that "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'") (internal citations omitted); *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 -1204 (10th Cir. 1986) (affirming a reduction in claimed fees by 77%, the court states, "There is no requirement, either in this court or elsewhere, that district courts identify and justify each disallowed hour.").

While this is not an exact science, I find, in my discretion, that it would be appropriate to reduce Plaintiff's request by 20%, resulting in 196.38 hours. At $250 per hour, this gives Plaintiff a total attorney fee of **$49, 095.00.**

### C. Prejudgment Interest

Because this case is based on federal question jurisdiction, the award of pre-judgment interest is addressed to the sound discretion of the trial court. *E.E.O.C. v. Wooster Brush Co. Employees Relief Assoc.*, 727 F.2d 566, 579 (6th Cir. 1984); *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir. 1982). In *Stroh Container Corp. v. Delphi Industries, Inc.*, 783 F.2d 743, 752 (8th Cir. 1986), the court stated that "prejudgment interest should ordinarily be granted unless exceptional or

unusual circumstances exist making the award of interest inequitable."[2]

Prejudgment interest in a federal case is also awarded to further the remedial goals of the particular federal statute under which the case is brought. *See Bricklayers' Pension Trust Fund, supra*, 671 F.2d at 989 ("[T]he Supreme Court...[has] directed [in *Rodgers v. United States*, 332 U.S. 371, 373 (1947)] that the decision to grant or deny prejudgment interest should hinge on whether to do so would further the congressional purposes underlying the obligations imposed by the statute in question.").

Title VII is, of course, remedial in nature. An award of prejudgment interest in this case would further the remedial goals of the statute.

The rate of prejudgment interest is also discretionary with the court. *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071-72 (2nd Cir. 1995). The federal rate of interest set forth in 28 U.S.C. §1961(a) would be appropriate in this federal question case.[3] *Estate of Riddle ex.rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005).

---

[2] In *Bricklayers' Pension Trust Fund, supra*, 671 F.2d at 989, the Sixth Circuit held that 28 U.S.C. §1961, which provides for post-judgment interest, "does not by its silence [on prejudgment interest] bar the awarding of prejudgment interest in cases whose jurisdiction is grounded in the resolution of a federal question."

[3] §1961(a) provides that "interest shall be calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

### D. Costs

Fed.R.Civ.P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." The kinds of costs that can be taxed are set forth in 28 U.S.C. § 1920:

**(1)** Fees of the clerk and marshal;

**(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

**(3)** Fees and disbursements for printing and witnesses;

**(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

**(5)** Docket fees under section 1923 of this title;

**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

E.D. Mich. Local Rule 54.1 states, "The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the court's website." This District's Handbook provides that "if transcript was used in support of a motion, counsel is required to provide the taxation clerk with the title of the motion and the approximate date it was filed." Handbook § II(B). In *United States v. Marion L. Kincaid Trust*, 463 F.Supp.2d 680, 698 -699 (E.D.Mich.. 2006), the Court denied costs for transcripts where "although the defendants did state that the transcripts

were used in support of a motion pursuant to the Handbook's requirement, they failed to specify which motions."

The award of costs under Rule 54(d)(1) is addressed to the court's discretion. *Singleton v. Smith,* 241 F.3d 534, 538 (6th Cir.2001). In this case, as in *Marion L. Kincaid Trust*, counsel did not comply with the Handbook with regard to the transcripts. Therefore, while Plaintiff is otherwise entitled to costs, the Court will deduct $459.84 for transcript fees, leaving total costs in the amount of **$429.60**.

### III.   CONCLUSION

Accordingly, Plaintiff's Motion for Attorney Fees, Costs and Interest is GRANTED under the terms set forth in this Opinion and Order. Plaintiff is granted attorney fees in the amount of $49,095.00; costs in the amount of $429.60; and prejudgment interest as set forth herein.

IT IS SO ORDERED.

Date: September 30, 2013              s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 30, 2013, electronically and/or by U.S. mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable R. Steven Whalen